J-A29029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                  :                    PENNSYLVANIA
                                                  :

                v.                                        :
                                                  :

KAYLA YOUNKERS                            :
                                                  :

                Appellant                      :     No. 1437 WDA 2022

Appeal from the Order Entered August 24, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000831-2019

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:           **FILED: March 14, 2024**

Kayla Younkers appeals *pro se* from the order denying her latest petition for review of her sentence.  Counsel has filed a petition to withdraw and an accompanying ***Anders*** brief.[1]  For the reasons that follow, we affirm the denial of post-conviction relief and grant counsel's application to withdraw.

The pertinent facts and procedural history are as follows:  On February 4, 2020, Younkers pled guilty to criminal use of a communication facility.  On

---

[1] As this appeal is from the denial of post-conviction relief, counsel was required to comply with the less restrictive procedural requirement of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), which is applies to requests to withdraw from a defendant's direct appeal.  Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** Brief in lieu of a ***Turner***/***Finley*** letter.  ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).  Thus, we will consider counsel's petition to withdraw under the ***Turner***/***Finley*** standards.

July 8, 2020, the trial court sentenced her 11½ to 23 months in the county prison, followed by a two-year probationary term. At that time, the trial court granted Younkers credit for time she spent incarcerated prior to the disposition of her case, a period of approximately four months. Younkers did not file an appeal.

Thereafter, Younkers was paroled from this sentence, effective January 4, 2021. However, on July 14, 2021, following a violation hearing, the trial court resentenced Younkers to serve 24 to 48 months in a state correctional institution with a recommendation that she be enrolled in the state drug treatment program.

On September 15, 2021, Younkers filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. Among the issues raised in this petition, Younkers asserted that she was denied credit for time served for the pre-disposition time for which she was incarcerated. Without appointing counsel, the PCRA court denied this petition on September 23, 2021.

On December 6, 2021, Younkers filed a second PCRA petition. The PCRA court appointed counsel. On March 22, 2022, the PCRA court held a status conference, at PCRA counsel's request, in order to determine from Younkers, the precise relief she was requesting. Addressing the court directly, Younkers testified:

> [YOUNKERS]: [Y]ou wanted me to max-out in the Cambria County Prison on my sentence on Case Number 0831-2019, which would have been a max of 2 years. So I asked you to go upstate

on July 8, 2020 to get the State Drug Treatment Program. You and [the probation officer] agreed to that. I'm not qualified for the State Drug Treatment Program, but I am qualified for the other state programs. I'm already comfortable upstate. I'm already involved in other state programs, but I would like to reduce my sentence to a 1 to 2, so I can remain upstate and get done with my programs. Instead of having a 2 to 4, can we reduce that to a 1 to 2 upstate with RRRI, because I'm not eligible for the State Drug Treatment Program.

N.T. 3/22/22, at 4.

On March 29, 2022, PCRA counsel filed a petition to withdraw and "no-merit" letter pursuant to **Turner**/**Finley**, **supra**. In this letter, counsel asserted that Younkers' request for sentence modification was not cognizable under the PCRA. By order entered April 19, 2022, the PCRA court granted counsel's petition to withdraw and dismissed Younkers' second PCRA petition.

Following this denial, Younkers filed a series of *pro se* filings with the lower court. On August 12, 2022, Younkers filed a handwritten letter in which she once again asked for certain periods of credit for time served. By order entered August 24, 2022, the lower court denied Younkers' request.

On September 2, 2022, Younkers filed a handwritten letter in which she states that she would like to appeal the August 24, 2022 order. The court took no action on this request. Younkers then filed two more *pro se* documents and ultimately filed an appeal to Commonwealth Court. By order entered November 22, 2022, that court transferred the appeal to this Court. On January 18, 2023, the lower court appointed present counsel to represent Younkers in this appeal. As noted above, present counsel has filed a motion

- 3 -

to withdraw and an **Anders** brief.  Both Younkers and the lower court have complied with Pa.R.A.P. 1925.[2]

Present counsel raises the following issue on appeal:

1. Whether [Younkers] has presented any nonfrivolous issues in the present appeal?

**Anders** Brief at 4.

In the **Anders** brief, PCRA counsel first argues this appeal should be quashed as untimely filed.  Thus, we address whether Younkers' appeal is timely.  Commonwealth Court received Younkers' petition for review on October 27, 2022.  In this petition she stated she was appealing from the court's August 24, 2022 order.  However, as mentioned above, the court below did not act on Younker's September 2, 2022 letter, in which she essentially sought to appeal the court's denial of relief in the August order.  Given that this communication was filed within ten days of the court's order, we will consider this appeal timely.  **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (explaining that this Court has declined to quash otherwise untimely appeals in circumstances where extraordinary

---

[2] As readily revealed above, the procedural history of this case involves a multitude of handwritten letters and other *pro se* filings after the court denied her second PCRA petition.  Importantly, because all of Younkers' communications were filed thirty days after her resentencing, they should have been treated as petitions under the PCRA.  **See generally**, 42 Pa.C.S.A. § 5505.  This was not always done here.

circumstances exist such as where "the failure to file a timely appeal [resulted from] a breakdown in the court system").

We note that Younkers' August 12, 2022 request for time credit should have been treated as a petition under the PCRA. The PCRA statute provides that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. 9542. Claims that are cognizable under the PCRA must be brought under that statute. *Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016). A claim is cognizable under the PCRA if the conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S.A. § 9543(a)(2). *Id.* A claim regarding time credit goes to the legality of the sentence. *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018). The PCRA is the exclusive avenue to collaterally attack the legality of a sentence. 42 Pa.C.S.A. § 9543(a)(2)(vii). Thus, Younkers' request for time credit was a serial PCRA petition.

Next, we address PCRA counsel's application to withdraw. As this Court has summarized:

> The ***Turner***/***Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent

evaluation of the record and agree with counsel that the petition
is without merit.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012) (citations omitted). Additionally, "counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with privately-retained attorney." ***Id.***

Counsel has substantially complied with ***Turner***/***Finley***. Thus, we proceed to determine whether we agree with counsel that Younkers' appeal is wholly frivolous. PCRA counsel asserts that, "given the factual and procedural history of the of the present matter and a review of the case law relevant to same, [Younkers] does not have any nonfrivolous issues which can be presented in support of her appeal." ***Anders*** Brief at 9. In the Rule 1925(b) statement, counsel identified the issue Younkers wished to challenge on appeal as the denial of time credit. Before considering this claim, however, we must determine whether, under the PCRA, we have jurisdiction to consider it.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).  In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal.  ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his or her petition "within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims."  ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Younkers' judgment of sentence became final on August 7, 2020, thirty days after she failed to file a direct appeal to this Court.  ***See*** 42 Pa.C.S.A. § 9545(b)(3).  Therefore, Younkers had until August 9, 2021, to file a timely PCRA petition.[3]  As Younkers filed the petition for review at issue in 2022, it is untimely unless she has satisfied her burden of pleading and

---

[3] Because the one-year limitation fell on a Saturday, Younkers would have had until the following Monday to file an appeal.  ***See*** 1 Pa.C.S.A. § 1908.

proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Younkers has failed to plead and prove any exception to the PCRA's time bar. Instead, having not received the sentence modification she requested in her second PCRA petition, Younkers reverts to her argument that she did not receive proper credit for time served. As noted above, this claim involves the legality of her sentence. *Gibbs*, *supra*. An appellant must present an illegal sentencing claim in a timely PCRA petition over which we have jurisdiction. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto").

In sum, Younkers' 2022 petition for review of her sentence was a serial PCRA petition, it was untimely, and she has not established a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider her substantive claim. *Derrickson*, *supra*. Thus, we agree with PCRA counsel that her appeal is frivolous, and we grant counsel's application to withdraw.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/14/2024